# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| **DAVID L. COLLINS**, ) | |
| ) | 3:10-cv-00697-RCJ-VPC |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF U.S. MAGISTRATE JUDGE** |
| **CORRECTIONS CORPORATION** ) | |
| **OF AMERICA,** *et al.*, ) | |
| ) | |
| Defendants. ) | January 26, 2011 |
| _____ ) | |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's motion for leave to proceed *in forma pauperis* (#1).[1] Plaintiff attached the following additional documents to his motion: (1) motion for removal from state to federal jurisdiction (#1-1), (2) motion in support of issuance of subpoena duces tecum (#1-2), (3) motion in support of issuance of subpoena duces tecum (#1-3), (4) notice of appeal (#1-4), and (5) certificate of mailing (#1-5). Notably, plaintiff did not include a financial affidavit, nor did he submit a complaint on the appropriate form. Defendants did not oppose plaintiff's motion. The court has thoroughly reviewed the record and recommends plaintiff's motion (#1) be dismissed and this action be dismissed with prejudice for failure to state a claim for which relief may be granted.

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff David L. Collins ("plaintiff"), a *pro se* inmate, is currently incarcerated at Kit Carson Correctional Center in Colorado (#1). The gravamen of plaintiff's grievance appears to be that he has " repeatedly requested from all levels of State Courts, and other sources, to gain the possession of any and/or ALL the requested 'Legally Valid Document(s) and/or Certified True and

---

[1] Refers to the court's docket numbers.

1   Correct Tangible Copy(ies) of same,'" but these sources refused to furnish him with the requested
2   copies (#1-1, p. 2).  Plaintiff states that he requires these materials to "expose the true cause of
3   detention" (#1-2, p. 1).  Specifically, plaintiff claims the refusal to provide him with the requested
4   documents "deprived the Appellant of the right to know ALL causes against him . . . [and] also
5   impacts the manner in which the sentence is executed, placing the Appellant for subjection to secret
6   statements that effects the manner inwhich [sic] he is treated by his warders." *Id.* at 1-2.  Plaintiff
7   names as defendants: Corrections Corporation of America, doing business as Kit Carson
8   Correctional Center, and Warden Chapman (#1-1, p. 1).

9   The court notes that the plaintiff is proceeding *pro se*.  "In civil rights cases where the
10  plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the
11  benefit of any doubt." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see*
12  *also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

13                              **II.  DISCUSSION & ANALYSIS**
14  **A.    Discussion**

15  Although plaintiff did not submit a complaint using the appropriate civil rights complaint
16  form, the court, to the best of its ability and based on the information provided, screens plaintiff's
17  filings pursuant to 28 U.S.C. § 1915A.

18        **1.    Screening Standard**

19  Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a
20  prisoner's claims, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious,"
21  "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant
22  who is immune from such relief."  28 U.S.C. § 1915(e)(2).  A claim is legally frivolous when it
23  "lacks an arguable basis either in law or in fact." *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The
24  court may, therefore, dismiss a claim as frivolous where it is based on an "indisputably meritless
25  legal theory" or where the "factual contentions are clearly baseless." *Id*. at 327.  The critical inquiry
26  is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.
27  *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

28  Dismissal of a complaint for failure to state a claim for which relief may be granted is

1  provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard
2  under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.
3  Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp.*
4  *of America*, 232 F.3d 719, 723 (9th Cir. 2000). A complaint must contain more than a "formulaic
5  recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise
6  a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555
7  (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely
8  creates a suspicion [of] a legally cognizable right of action." *Id* (quoting 5 C. Wright & A. Miller,
9  Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)). In reviewing a complaint under this
10 standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co.*
11 *v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable
12 to plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421
13 (1969).

14     Allegations in *pro se* complaints are held to less stringent standards than formal pleadings
15 drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-
16 21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.
17 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the
18 prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal
19 conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims
20 of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful
21 factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also*
22 *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

23     "To sustain an action under Section 1983, a plaintiff must show (1) that the conduct
24 complained of was committed by a person acting under color of state law; and (2) that the conduct
25 deprived the plaintiff of a federal constitutional or statutory right." *Wood v. Ostrader,* 879 F.2d 583,
26 587 (9th Cir. 1989), *cert. denied*, 498 U.S. 938 (1990).

27 **B.   Analysis**

28     While plaintiff's motion and accompanying documents are difficult to decipher, he appears

to allege that he has been denied access to records and documents that explain or, in plaintiff's view, fail to explain why he was incarcerated (#1-2, p. 1-2). Plaintiff claims that he has the right to know all claims against him.[2] *Id.* at 1. However, when a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of *habeas corpus*. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 498 U.S. 1126 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 487.

Accordingly, plaintiff's complaint challenging the "true cause" of his detention must be dismissed with prejudice for failure to state a claim for which relief may be granted, as it is clear from the face of the complaint that the deficiencies cannot be cured by amendment.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court recommends that plaintiff's motion for leave to proceed *in forma pauperis* (#1) be **DENIED** and that this action be **DISMISSED WITH PREJUDICE** for failure to state a claim for which relief may be granted. The parties are advised:

1.  Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within fourteen

---

[2] Plaintiff also states that not having access to these records "impacts that manner in which the sentence is executed," and goes on to state that he is subjected to secret statements that affect how he is treated by "his warders." *Id.* at 2. Plaintiff does not allege any specific facts to illustrate the adverse treatment he is forced to endure, nor does plaintiff indicate the specific individuals who are responsible for these acts. The court declines to speculate as to which constitutional rights related to plaintiff's conditions of confinement have been violated by the secret statements plaintiff mentions. Therefore, plaintiff's claims fail to include factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp.*, 550 U.S. at 555.

4

days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for leave to proceed *in forma pauperis* be **DENIED**.

**IT IS FURTHER RECOMMENDED** that this action be **DISMISSED WITH PREJUDICE** for failure to state a claim for which relief may be granted.

**DATED:** January 26, 2011.

*/s/ Valerie P. Cooke*
_____
**UNITED STATES MAGISTRATE JUDGE**